JUSTICE RICE
dissenting.
¶27 I respectfully dissent. In this case and on this record, I would not invoke the doctrine of plain error to reach the issues which were not preserved for appeal by the Defendant.
¶28 Two district court judges have conducted hearings in which statutory considerations for sentencing have been fully developed and presented. The victims have twice testified about the horrendous, long-term abuse perpetrated upon them by the Defendant. Similar, but not identical, sentences have been imposed following the judges’ separate review of the evidence. Despite that, the Court excuses the Defendant’s failure to preserve any issues for appeal and, invoking plain error, requires the parties to engage in this difficult process a third time.
¶29 The Court would lay the blame for this result on the prosecutor. Although it acknowledges that the prosecutor recommended a sentence in accordance with the plea agreement, the Court nonetheless reaches the conclusion that the “the prosecutor’s fervor . . . would almost undoubtedly” sway the sentencing court to impose a harsher sentence. I do not draw any such inference from a reading of the entire record. Neither do I find that the prosecutor’s actions were as egregious as the Court implies. The sentencing transcript reveals that the victims often volunteered comments, based upon their knowledge of the earlier sentence, which were not prompted by specific questions about the earlier sentence by the prosecutor.
¶30 It is not necessary to either fault or excuse defense counsel’s *331 failure to contemporaneously object to what the Defendant now finds objectionable about the sentencing. Rardon and his counsel offered an atypical approach and presentation during the hearing. Refraining from confrontation throughout, defense counsel went so far as to recommend a harsher sentence than that recommended by the prosecutor. Such an unusual approach is not necessarily ineffective per se, but most certainly would have an explanation. Defense counsel obviously had the benefit of the first sentencing hearing, and his approach may have been influenced thereby. The record on appeal, of course, does not reflect the reasons behind defense counsel’s actions or inaction, or whether those decisions were part of a sentencing strategy. I would hold, in accordance with our law, that Defendant’s issues were not preserved for appeal, and that the Defendant’s objections to his counsel’s failure to preserve those issues, or to his overall performance, may be pursued by way of a post-conviction relief proceeding, where a proper inquiry may be made into the reasons for counsel’s approach.
¶31 I would affirm.
CHIEF JUSTICE GRAY joins in the dissent of JUSTICE RICE.